UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **BRANDY MOSLEY** | **CIVIL ACTION NO. _____** |
| v. | **JUDGE _____** |
| **RENT-A-CENTER EAST, INC.** | **MAGISTRATE JUDGE _____** |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Rent-A-Center East, Inc., (incorrectly referred to in Plaintiff's Complaint as "Rent-A-Center") (hereafter "RAC"), which respectfully represents as follows:

### BACKGROUND

1.

On February 14, 2011, Plaintiff, Brandy Mosley ("Mosley"), filed suit against RAC in an action styled: "*Brandy Mosley v. Rent-A-Center; and DOES 1-10, inclusive*," Civil Action No. 548,117-C, in the First Judicial District Court, Parish of Caddo, State of Louisiana ("State Court Proceeding"). A copy of the Mosley's "Complaint" is attached hereto as "Exhibit 1."

2.

Mosley alleged she "incurred a financial obligation" to RAC. (Exh. 1, p. 2, ¶ 6). In the Complaint, Mosley seeks relief against RAC under three (3) counts arising from this "financial obligation": (1) alleged violations of La. R.S. 9:3562, which counsel for Mosley improperly refers to as the "Louisiana Fair Debt Collection Practices Act"; (2) invasion of privacy; and (3) intentional infliction of emotional distress. (Exh. 1, pp. 3-5, ¶¶ 18-35).

3.

In fact, there is no legislative enactment titled the "Louisiana Fair Debt Collection Practices Act." Rather, the Louisiana statute cited by Mosley in the Complaint – La. R.S. 9:3562 – appears within the "Louisiana Consumer Credit Law," La. R.S. 9:3510 *et seq.*

## DIVERSITY JURISDICTION

4.

To properly remove a lawsuit under 28 U.S.C. § 1332, there must be complete diversity between the parties, and the amount in controversy must exceed $75,000. Griffin v. Lee, 621 F.3d 380, 384 (5th Cir. 2010).

5.

RAC is a Delaware corporation with its principal place of business at 5501 Headquarters Drive, Plano, Texas 75024. In the Complaint, Mosley inaccurately alleged that RAC is a California business entity. (Exh. 1, p. 1, ¶ 3).

6.

Mosley is domiciled in the Parish of Caddo, State of Louisiana. (Exh. 1, p. 1, ¶ 2).

7.

Accordingly, the parties to this action are completely diverse.

8.

In the Complaint, Mosley alleged that her damages include: (1) past and continuous "actual damages" (Exh. 1, p. 3, ¶ 15) for alleged violations of La. R.S. 9:3562, invasion of privacy, and intentional infliction of emotional distress; (2) past and continuous "humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment" (Exh. 1, p. 3, ¶ 16); (3)

punitive damages (Exh. 1, p. 5, ¶ 31); and (4) "[s]uch other and further relief as may be just and proper" (Exh. 1, p. 6, ¶ 4).

9.

Mosley has at no time contended that her alleged damages are less than or equal to $75,000.

10.

Mosley's claims satisfy the "amount in controversy" requirement of 28 U.S.C. § 1332, because "it is apparent from the face of the petition that the claims are likely to exceed $75,000." Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

11.

Other courts considering claims similar to Mosley's have found that the $75,000 jurisdictional threshold was met. See, e.g., Berggreen v. Sallie Mae, Inc., No. CIV.A. 07-467-DLD, 2008 WL 2038910, at *3-4 (M.D. La. May 12, 2008) (agreeing with the defendant that "damages for intentional infliction of emotional distress, damages for violation of unfair collection activities, and an award of attorneys fees, which, when combined with the outstanding loan balance [of $51,614.04], easily will exceed $75,000"); Thompson v. ZC Sterling Ins. Agency, Inc., No. CIV.A.06 8160, 2007 WL 1098883, at *3 (E.D. La. Apr. 11, 2007) (holding that damages for "breach of insurance contract, . . . intentional infliction of emotion distress, loss of use and enjoyment of property, diminution in value of the property, repair and remediation expenses, mental anguish, and attorney's fees" exceeded $75,000); Dubuy v. Luse, 44,441, pp. 1, 7 (La. App. 2 Cir. 7/15/09); 17 So. 3d 425, 426, 429 (awarding $75,000 in general damages for "assault, battery, trespass to chattel, and intentional infliction of emotional distress").

12.

Because Mosley is diverse from all defendants and the amount in controversy requirement is satisfied, removal is proper pursuant to 28 U.S.C. § 1332.

**REMOVAL REQUIREMENTS**

13.

In the Complaint, Mosley did not initially request service upon RAC. By letter dated March 11, 2011, however, a paralegal employed by counsel for Mosley requested that the Court prepare a citation to effect service upon RAC in California. A copy of the letter is attached hereto as "Exhibit 2," and a copy of the Long Arm Citation is attached hereto as "Exhibit 3."

14.

On May 10, 2011, a copy of the Complaint was served upon an RAC store in California. Less than thirty (30) days have elapsed since the date Mosley served a copy of the Complaint upon RAC, and the removal of Mosley's Complaint is thus timely under 28 U.S.C. § 1446(b).

15.

Mosley respectfully requests that this Notice of Removal be filed in the records of the United States District Court for the Western District of Louisiana, Shreveport Division, effecting the removal of that certain matter styled: "*Brandy Mosley v. Rent-A-Center; and DOES 1-10, inclusive*," Civil Action No. 548,117-C, in the First Judicial District Court, Parish of Caddo, State of Louisiana, to the United States District Court for the Western District of Louisiana, Shreveport Division.

16.

Upon filing this Notice of Removal, RAC will provide written notification to Mosley

(though her attorney of record) of such action, and will file a copy of the Notice of Removal with the Clerk of Court of the First Judicial District Court, Parish of Caddo, State of Louisiana. A copy of the state court notification accompanies this Notice of Removal as "Exhibit 4."

17.

In addition to RAC, Mosley purports to name a second defendant in the Complaint: "DOES 1-10" (referred to collectively as one (1) entity). Mosley alleges that RAC "at all times acted by and through" this unknown party. (Exh. 1, p. 2, ¶ 5). However, "DOES 1-10" is, as of yet, unidentified, and has not been served. Because "DOES 1-10" has neither been identified nor served, its consent to removal is not required. See Miranti v. Lee, 3 F.3d 925, 929 (5th Cir. 1993) ("A defendant may remove a case without joinder of a non-served, non-resident defendant."); Asunto v. Shoup, 132 F. Supp. 2d 445, 454 (E.D. La. 2000) ("[D]efendants who are not served may be ignored, both for jurisdictional purposes and for the purpose of requiring their joinder in the notice of removal.") (internal citation and quotation omitted).

18.

Aside from "DOES 1-10," there are no other party defendants to this action. Consequently, RAC is not required to obtain consent to removal from any other defendant.

19.

A copy of this Notice of Removal has been mailed to Mosley, through her counsel of record, on this 8th day of June 2011.

20.

In accordance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" RAC is attached hereto as "Exhibit 5."

Respectfully submitted,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: /s/ Joseph H.L. Perez-Montes
Steven M. Oxenhandler, T.A. (#28405)
Trevor S. Fry (#26888)
Joseph H.L. Perez-Montes (#32632)
2001 MacArthur Drive
PO Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
**ATTORNEYS FOR DEFENDANT,
RENT-A-CENTER EAST, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal by Defendant, Rent-A-Center East, Inc., has been electronically filed with the Clerk of Court using the CM/ECF filing system. Notice of this filing will be sent to the following parties by placing a copy of same, postage prepaid and properly addressed, in the United States Mail:

Brandy Mosley<br>
by and through her attorney of record:<br>
Mary Marshall Smythe<br>
77 West 85th Street, Apt. 6E<br>
New York, NY 10024

Alexandria, Louisiana, this 8th day of June 2011.

                                              /s/ Joseph H.L. Perez-Montes<br>
                                                        COUNSEL