## FIRST JUDICIAL DISTRICT
## CADDO PARISH LOUISIANA

| | |
|---|---|
| Brandy Mosley,<br><br>        Plaintiff,<br>v.<br><br>Rent-A-Center; and<br>DOES 1-10, inclusive,<br><br>        Defendants. | Civil Action No.: 548,117-C<br><br>COMPLAINT |

For this Complaint, the Plaintiff, Brandy Mosley, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Louisiana Fair Debt Collection Practices Act, La. Rev. Stat. Ann. § 3516(10), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

### PARTIES

2. The Plaintiff, Brandy Mosley ("Plaintiff"), is an adult individual residing in Shreveport, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

3. The Defendant, Rent-A-Center ("Rent-A-Center"), is a California business entity with an address of 3372- S. Bristol Street, Santa Anna, California 92704, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

M. Smythe

PGS 1   EXH 1   MIN
CC   CP   MAIL N
INDEX 2   REC   FAX
W/D DOC   CERT MAIL
SERVICE

$250
FILED
FEB 14 2011
TORI HAYES
DEPUTY CLERK OF COURT

EXHIBIT 1

4. Does 1-10 (the "Collectors") are individual collectors employed by Rent-A-Center and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

5. Rent-A-Center at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Rent-A-Center Engages in Harassment and Abusive Tactics

9. Defendants called Plaintiff's residential phone line in an attempt to collect the debt with the intent to annoy and harass.

10. Defendants discussed Plaintiff's debt with her co-workers and references.

11. Defendants threatened to repossess Plaintiff's merchandise if she did not pay the Debt.

12. Defendants were rude when speaking to Plaintiff: "I hope you know you're going to jail before Christmas."

13. Defendants threatened to send Plaintiff's references to jail.

2

14. A representative of Defendants falsely stated he was a district manager, whereas he is a manager at a local Rent-a-Center store.

### C. Plaintiff Suffered Actual Damages

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

17. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE LOUISIANA FAIR DEBT COLLECTION PRACTICES ACT
### LA. REV. STAT. ANN. RS 9 § 3562, et al.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Plaintiff is a "consumer" as defined by La. Rev. Stat. Ann. § 3516(10).

20. Each Defendant is a "debt collector" as defined by La. Rev. Stat. Ann. § 3534.1(A).

21. The Defendants contacted third parties who are not living, residing, or present in the household of the debtor regarding the debtor's obligation to pay a debt in violation of LA. Rev. Stat. Ann. § 3562.

3

SCANNED 06/02/2011 00000298

22. The Defendants contacted the Plaintiff and threatened action not otherwise permitted by law in violation of LA. Rev. Stat. Ann. §3562(3).

23. The Plaintiff is entitled to damages pursuant to La. Rev. Stat. Ann. §3572.12.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

26. Louisiana further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Louisiana state law.

27. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

28. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Louisiana law requirements for an invasion of privacy.

29. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

30. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

4

31. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

33. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

34. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

35. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to La. Rev. Stat. Ann. §9-625;
2. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
3. Punitive damages; and

5

4. Such other and further relief as may be just and proper.

6

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: 01/06/2011

Respectfully submitted,

By: _____
Mary Marshall Smythe, Esq. (Bar. No.: 27092)
77 West 85th Street, Apt. 6E
New York, NY 10024
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666

7